UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTY JAY ROBBINS, )
)
    Petitioner, )
)
v. ) CAUSE NO. 3:14-CV-1598 RM
)
SUPERINTENDENT, )
)
    Respondent. )

## OPINION AND ORDER

Marty Jay Robbins, a *pro se* prisoner, filed a habeas corpus petition to challenge the revocation of his parole in connection with his conviction and sentence by the Kosciusko Superior Court under cause number 43D01-0408-FD-259. Before the court can consider a habeas corpus petition challenging a state proceeding, the petitioner must have previously presented his claims to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible ways to challenge a parole revocation in Indiana: by filing a post-conviction relief petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). An improperly filed state habeas corpus petition will be converted to a post-conviction petition. Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and Ward v. Ind. Parole Bd., 805 N.E.2d 893 (2004). Mr. Robbins

says he hasn't presented his claims to any state court in any proceeding. He hasn't exhausted his state court remedies and this case must be dismissed without prejudice so that he can exhaust these claims in the state courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he can return to federal court and file a new habeas corpus petition.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Mr. Robbins presents an unexhausted claim. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons the court DISMISSES this case WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted and DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED: June  3 , 2014

                                                 /s/ Robert L. Miller, Jr.
                                                Judge
                                                United State District Court